UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MIAMI VALLEY FAIR HOUSING CENTER, INC., *et al.*,

Plaintiffs,

Case No. 3:25-cv-386

vs.

DIETZ MANAGEMENT COMPANY d/b/a DIETZ PROPERTY GROUP, *et al.*,

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendants.

---

**ORDER: (1) GRANTING DEFENDANT WCT DAYTON, LLC'S UNOPPOSED MOTION TO SET ASIDE DEFAULT JUDGMENT (Doc. No. 22); AND (2) DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. No. 20)**

---

In this civil case, Plaintiffs Miami Valley Fair Housing Center, Inc. and Alexis Wiley allege, through counsel, that Defendants discriminated against them on the basis of disability and familial status in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, *et. seq.*, and Ohio law. Doc. No. 8 at PageID 95–100. Plaintiffs seek declaratory and injunctive relief, compensatory damages, and punitive damages. *Id.* at PageID 100–01. The case is before the Court on Plaintiffs' motion for a default judgment against Defendant WCT Dayton, LLC ("WCT Dayton") (Doc. No. 20), to which WCT Dayton did not respond, and WCT Dayton's motion to set aside the entry of default (Doc. No. 22), to which Plaintiffs did not respond. For the reasons that follow, the Court **GRANTS** WCT Dayton's motion to set aside the entry of default and **DENIES** Plaintiffs' motion for a default judgment.

## I. BACKGROUND

Previously, on November 14, 2025, the Clerk of Court issued to WCT Dayton a summons and a copy of the complaint via certified mail. Doc. No. 2. The summons and complaint were

then reissued to WCT Dayton on January 13, 2026. Doc. No. 5. Ultimately, the summons and complaint were returned executed on March 12, 2026, which required WCT Dayton to answer or otherwise respond by April 2, 2026. Doc. No. 14.

After WCT Dayton failed to answer or otherwise respond, Plaintiffs filed an application to the Clerk for entry of default on June 10, 2026. Doc. No. 18. The Clerk entered default against WCT Dayton pursuant to Federal Rule of Civil Procedure 55(a). Doc. No. 19. On July 6, 2026, Plaintiffs filed a motion for a default judgment to enforce the Clerk's entry of default. Doc. No. 20.

On August 10, 2026, WCT Dayton filed a motion to set aside the entry of default (Doc. No. 22), and an answer to the amended complaint (Doc. No. 23). Plaintiffs did not respond to WCT Dayton's motion. The matter is now ripe for review.

## II. ANALYSIS

Federal Rule of Civil Procedure 55 provides a two-step process for a party to obtain a default judgment. First, the party must apply for and obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). Second, the party must apply to either the Clerk or the Court for a default judgment. Fed. R. Civ. P. 55(b). Plaintiffs have completed both steps. *See* Doc. No. 18; Doc. No. 20.

Rule 55 also provides that the "court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). When a party seeks relief from an entry of default judgment, the Court must consider "'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). "All three factors must be considered in ruling on a motion to set aside entry of default." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir.

1986). "[A]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) (quoting *United Coin Meter Co.*, 705 F.2d at 846) (internal quotations omitted).

**A. Willful Default**

First, the Court analyzes the willfulness factor. *See Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (internal quotation and citation omitted). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Id.* (internal quotation and citation omitted). "Carelessness is not enough." *Orrand v. Osmic Erectors*, No. 97-3124, 1998 WL 45486, at *2 (6th Cir. Jan. 27, 1998). The Court has reviewed WCT Dayton's motion to set aside as well as the attached exhibits and concludes that WCT Dayton's conduct does not rise to the level of willfulness. The property at issue in this case, WaterStone at Carriage Trails, is owned by WCT Dayton. Doc. No. 22-2 at PageID 243. Dietz Property Group d/b/a Dietz Management Company ("Dietz")—WCT Dayton's co-defendant in this case—is the authorized management agent for WCT Dayton with respect to that property. *Id*. Dietz was therefore responsible for managing this litigation on behalf of WCT Dayton. *Id.*

In November 2025, William Leonard, a then-Dietz employee who has since left the company's employ, tendered WCT Dayton's defense to Dietz's insurance carrier. *Id.* at PageID 244. On November 24, 2025, Mr. Leonard received notice that the insurance carrier would not be providing coverage to WCT Dayton. *Id*. Nonetheless, Mr. Leonard and other Dietz employees mistakenly believed that the insurer would provide a defense pursuant to a reservation of rights and thus did not retain other counsel for WCT Dayton. *Id*. Once this mistake was discovered, Dietz "promptly retained . . . counsel to defend WCT [Dayton's] interests in this matter." *Id.*; *see generally* Doc. No. 22. Given there are no facts before the Court indicating that WCT Dayton

intended to thwart or recklessly disregarded the effect of its conduct on these proceedings, this factor weighs in favor of setting aside the entry of default.

**B. Prejudice to Plaintiffs**

Turning to the next factor, to satisfy the prejudice to plaintiff element, a plaintiff must show prejudice beyond "[m]ere delay." *United Coin Meter Co.*, 705 F.2d at 845. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation marks omitted). Though only persuasive, this Court has found that a plaintiff will not be prejudiced when a case is still in the early stages. *See JobsOhio v. Emkey Energy, LLC*, No. 2:21-CV-3680, 2022 WL 620627, at *3 (S.D. Ohio Mar. 3, 2022) (granting motion to set aside default judgment when defendant filed his answer two weeks late); *Safelite Grp., Inc. v. Lockridge*, No. 2:21-CV-4558, 2022 WL 123877, at *2 (S.D. Ohio Jan. 13, 2022) (granting motion to set aside default judgment when the case was only four months old).

Plaintiffs have not alleged they will be prejudiced if the Court sets aside the entry of default against WCT Dayton. Nor does the Court find any potential prejudice to Plaintiffs because the case is still in the early stages. No scheduling order has been issued, and discovery has not yet commenced. Plaintiffs filed the initial complaint less than one year ago, and service was executed against WCT Dayton less than six months ago. Doc. Nos. 1, 14. This factor also weighs in favor of setting aside the entry of default.

**C. Meritorious Defenses**

Finally, the Court considers whether WCT Dayton has a meritorious defense to Plaintiffs' claims. A defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits. *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (citations

omitted). In other words, if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir. 2006) (internal quotation and citation omitted) (emphasis in original).

WCT Dayton has raised meritorious defenses to Plaintiffs' discrimination claims. WCT Dayton argues that it did not engage in discrimination of any kind and that that "Plaintiff's claims are nothing more than allegations of routine landlord-tenant issues." Doc. No. 22 at PageID 221. Construing the defense "in the light most favorable to [WCT Dayton]," *see Williams*, 346 F.3d at 614, "the existence of [WCT Dayton's] defense creates 'some possibility' of a different outcome in this case," *Burrell*, 434 F.3d at 835. This final factor therefore weighs in favor of setting aside the entry of default.

## III. CONCLUSION

For the above reasons and in the absence of any opposition by Plaintiffs, the Court **GRANTS** Defendant WCT Dayton's motion to set aside the default (Doc. No. 22), and **DENIES** Plaintiffs' motion for a default judgment (Doc. No. 20).

**IT IS SO ORDERED.**

October 9, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge