UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MIAMI VALLEY FAIR
HOUSING CENTER, INC., *et al.*,

Plaintiffs,

Case No. 3:25-cv-386

vs.

DIETZ MANAGEMENT COMPANY
d/b/a DIETZ PROPERTY GROUP, *et al.*,

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendants.

---

**ORDER DENYING DEFENDANT DIETZ MANAGEMENT COMPANY d/b/a DIETZ PROPERTY GROUP'S MOTION TO DISMISS (Doc. No. 12)**

---

In this civil case, premised on federal question jurisdiction, Plaintiffs Miami Valley Fair Housing Center, Inc. ("MVFHC") and Alexis Wiley allege, through counsel, that Defendants Dietz Management Company d/b/a Dietz Property Group ("Dietz") and WCT Dayton, LLC ("WCT Dayton") illegally discriminated against Wiley and her family on the basis of disability and familial status. Doc. No. 8 at PageID 79–81. Plaintiffs bring their claims under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, Ohio law, and certain Tipp City, Ohio ordinances. *Id.* Currently before the Court is Dietz's Fed. R. Civ. P. 12(b)(6) partial motion to dismiss. Doc. No. 12. Plaintiffs filed a memorandum in opposition (Doc. No. 16), and Dietz filed a reply (Doc. No. 17). This motion is now ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

To challenge whether a plaintiff, in his or her complaint, states a claim upon which relief can be granted, a defendant may file a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At this stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**II.**

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Dietz's motion to dismiss, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *see Wilson v. Gregory*, 3 F.4th 844, 861 (6th Cir. 2021); *Mercer v. Athens Cnty., Ohio*, 72 F.4th 152, 165–66 (6th Cir. 2023); *cf. Nuchols v. Berrong*, No. 04-5645, 2005 WL 1634370, at *2 n.2 (6th Cir. July 11, 2005) ("Because a more developed record would be useful in resolving such a difficult issue, we conclude here that the issue should be decided in the context of a summary judgment motion rather than at the pleading stage.").

**III.**

Accordingly, Dietz's motion to dismiss for failure to state a claim (Doc. No. 12) is **DENIED**. The Court anticipates reviewing the parties' arguments on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

October 9, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge